CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 03 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES D. HABURN, et al., | ) |
| | ) |
| Plaintiffs, | ) Civil Action No. 7:10-CV-00053 |
| | ) |
| v. | ) **MEMORANDUM OPINION** |
| | ) |
| TERRY GRIMES, et al., | ) By: Hon. Glen E. Conrad |
| | ) United States District Judge |
| Defendants. | ) |

Plaintiffs James D. Haburn and Stefanie A. Roden, proceeding pro se, filed this civil action against defendants Terry Grimes, Bhula Diah, Jayant Patel, Stuart Cohen, and Prakruti Hospitality LLC and all its owners and co-owners. The court granted the plaintiff's contemporaneously filed motion to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915. After conducting an initial screening of this action, however, the court concludes that it must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Standard of Review

Under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. v. Johnson, 440 F.3d 648, 656-57 (4th Cir. 2006). Specifically, "a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir. 2006) (citing 28 U.S.C. § 1915(e)(2)(B)).

The standard of review for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) also applies to dismissal for failure to state a claim on which relief may be granted under

§ 1915(e)(2)(B)(ii). Newsome v. EEOC, 301 F.3d 227, 231 (5th Cir. 2002). Therefore, the court "should accept as true all well-pleaded allegations" and should construe those allegations in the light most favorable to the plaintiff. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Even assuming the factual allegations in the complaint are true, the "complaint must contain sufficient factual matter ... to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" Iqbal, 556 U.S. at ___, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

## Discussion

Plaintiffs Haburn and Roden filed a complaint dated February 1, 2010, under Title VII of the Civil Rights Act. The plaintiffs' factual allegations are as follows:

> 1. At the time of the controversy the Plaintiffs were employed by Prakruti Hospitality LLC at Howard Johnson Express Inn, 437 Roanoke Road, Daleville, Virginia 24083.
> 2. While employed at Howard Johnson, Plaintiff Roden filed a grievance/complaint/charge against a company employee, Linda Knight, and Roden's employment was terminated by company officials for filing against Knight.
> 3. Plaintiff Haburn participated with Roden in the grievance/complaint/charge, and he was also terminated by company officials for participating.
> 4. It is alleged that the Defendant's attorney, Terry Grimes, advised the

Defendants to terminate Plaintiff Haburn for his association and participation with Roden and her grievance/complaint/charge efforts against company officials.
5. Both Plaintiffs brought suit against the Defendants stating claims in the suit that were outside the purview of Title VII.
6. Both Plaintiffs timely filed a charge of retaliation with the Equal Employment Opportunity Commission (EEOC) for filing grievances/complaints against company officials, claiming their terminations were due to complaining against company officials.
7. The EEOC issued both Plaintiffs Notice of Suit Rights documents (copies attached).

In order to establish a prima facie case of retaliation under Title VII, a plaintiff must show that she engaged in protected activity, that an adverse employment action was taken against her, and that there was a causal connection between the activity and the adverse action. Price v. Thompson, 380 F.3d 209, 212 (4th Cir. 2004). Protected activity includes opposing an unlawful employment practice or participating in a Title VII investigation, proceeding, or hearing. 42 U.S.C. § 2000e-3(a); Kubicko v. Ogden Logistics Servs., 181 F.3d 544, 551 (4th Cir. 1999). The United States Court of Appeals for the Fourth Circuit has held that opposition activity is protected when it is in response to an employment practice that the employee reasonably believes is unlawful. Jordan v. Alternative Res. Corp., 458 F.3d 332, 338-39 (4th Cir. 2006). In addition, the Fourth Circuit has held that, for purposes of demonstrating a prima facie case of retaliation, "a causal connection ... exists where the employer takes an adverse employment action against an employee shortly after learning of the protected activity." Price, 380 F.3d at 213.

In the instant case, the plaintiffs have failed to allege sufficient facts to state a claim for relief that is plausible on its face. The plaintiffs do not specify the nature of the "grievance/complaint/charge" filed or with whom the complaint was filed. Moreover, there are no allegations as to when this complaint was filed or when their terminations occurred. The

threadbare assertions contained in the complaint are simply not sufficient to raise the right to relief above the speculative level.

Moreover, the court notes that it is well established that employees, including supervisors, are not liable in their individual capacities under Title VII. See Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180-81 (4th Cir. 1998). Thus, to the extent that the plaintiffs assert claims against employees or supervisors, those claims are not permitted under Title VII.

## Conclusion

For the foregoing reasons, the court concludes that this action must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief may be granted. Such dismissal shall be without prejudice, and the plaintiffs will be permitted leave to file a new complaint, remedying the deficiencies noted above.

The Clerk is directed to send a certified copy of this memorandum opinion and the accompanying order to the plaintiffs.

ENTER: This 3rd day of February, 2010.

_____
United States District Judge